PANISH | SHEA | RAVIPUDI LLP
THOMAS A. SCHULTZ, State Bar No. 149578
  *tschultz@panish.law*
ANDREW L. SCHRADER, State Bar No. 307964
  *aschrader@panish.law*
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

Attorneys for Plaintiff, TOMAS MARIO ALBERTO DE LEON-ARANDA

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| TOMAS MARIO ALBERTO DE LEON-ARANDA, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA <br><br> Defendant. | Case No. 3:25-cv-01529-LJC <br><br> **Further Joint Case Management Statement** <br><br> Date:      September 18, 2025 <br> Time:     1:30 p.m. <br> Location: Zoom Webinar <br><br> Magistrate Judge: Lisa J. Cisneros |

1  The parties to the above-entitled action jointly submit this further JOINT CASE
2 MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All
3 Judges of the Northern District of California and Civil Local Rule 16-9. As the Parties are in
4 agreement on all material terms of this further Joint Case Management Statement, THE PARTIES
5 STIPULATE AND REQUEST that the Court (a) refer the parties to a magistrate judge to conduct a
6 settlement conference; and (b) pursuant to Civil Local Rule 6-1(b), continue the Case Management
7 Conference from September 18, 2025 at 1:30 p.m. to November 20, 2025 at 1:30 p.m., or to a day
8 and time that is suitable to the Court.

### 1. Jurisdiction & Service

Subject matter jurisdiction in this action is based on the Federal Tort Claims Act. Defendant United States is the only defendant in this action, and it has been served and appeared. There are no issues regarding personal jurisdiction, venue, or service.

### 2. Facts

This case arises out of a motor vehicle collision occurring on January 6, 2024. Plaintiff claims that the negligence of a United States Postal Service driver was a cause of the collision, and that he sustained injuries in the collision. Defendant denies negligence, causation and the extent of Plaintiff's claimed injuries at this point in the litigation. Plaintiff disputes Defendant's contentions.

### 3. Legal Issues

Issues of liability and damages under the FTCA are governed by California and federal law. The key legal issues are duty, breach of duty, causation, and damages. The key issues in this case are what, if any, duty Defendant had to Plaintiff, whether Defendant breached this duty and, if so, the extent to which this breach caused the injuries Plaintiff alleges. At this time, the parties are not aware of any disputed points of law that are significant to the resolution of this case other than those stated above.

### 4. Motions

There are no prior or pending motions in this case. The parties anticipate that they will file *Daubert* motions and motions *in limine*.

///

5.     Amendment of Pleadings

The parties do not anticipate amendments to the pleadings.

6.     Evidence Preservation

Plaintiff and Defendant will continue to take all reasonable steps to preserve any evidence related to the issues in this action. Plaintiff and Defendant do not believe that this case raises significant e-discovery issues.

7.     Disclosures

There has been full and timely compliance with the initial disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure. On June 30, 2025, Defendant served its initial disclosure and a production of documents. On July 3, 2025, pursuant to an agreement of the parties, Plaintiff served his initial disclosure and a production of documents.

8.     Discovery

The parties have started taking discovery. On June 30, 2025, Defendant served Plaintiff with its first set of interrogatories and document requests. On August 29, 2025, Plaintiff responded to Defendant's first set of written discovery.

The parties plan to conduct depositions. Defendant will depose Plaintiff, and Plaintiff intends to depose some of the employees of the United States Postal Service. Defendant will issue subpoenas to third parties including Plaintiff's medical providers based on the outcome of written discovery.

The parties anticipate that discovery could be extensive because of the nature and extent of Plaintiff's alleged injuries. The parties also anticipate that discovery could take a significant amount of time to complete because of the number of subpoenas that need to be issued and the potential need for an independent medical examination.

The parties do not believe that a stipulated e-discovery order is necessary. The parties do not have any discovery disputes right now.

9.     Class Actions

This is not a class action.

10. Related Cases

There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief

Plaintiff seeks monetary relief from Defendant as a result of his alleged injuries sustained in the accident at issue in this lawsuit. Defendant seeks a judgment in its favor and to recover all costs permissible under the law.

12. Settlement and ADR

Given the procedural posture of the case, it is difficult to assess the prospects for settlement at this time. Plaintiff and Defendant have not engaged in any ADR efforts to date. Based on the amount of the alleged damages and the complexity of the injuries allegedly sustained, the parties respectfully request a referral to a magistrate judge to conduct a settlement conference. To position the ADR event, Defendant may need Plaintiff to undergo an independent medical examination. Defendant will also need to depose Plaintiff.

The parties agreed to participate in a formal ADR event by March 27, 2026. *See* Dkt. No. 17 at 1 (Case Management Schedule setting ADR deadline).

13. Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. Narrowing of Issues

Plaintiff and Defendant expect the relevant issues to be narrowed through written discovery and depositions. Plaintiff and Defendant may also narrow the disputed issues through stipulations and motions in limine.

///
///
///
///
///

15. Scheduling

On June 6, 2025, the Court issued a case management schedule. *See* Dkt. No. 17 (Case Management Schedule). The parties are complying with the case management schedule. The parties believe that they may need additional time to complete fact discovery based on the amount of time needed to secure subpoenaed records and examine Plaintiff. However, the case management schedule has an extended expert discovery period that allows for potential schedule modifications without altering the case management schedule.

16. Trial

FTCA cases are tried to the bench. The parties estimate that this trial will last up to eight full court days.

17. Disclosure of Non-party Interested Entities or Persons

Plaintiff has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 and there is no conflict or interest (other than the named parties) to report. Plaintiff restates his certification. Defendant is a government entity and is not subject to Civil Local Rule 3-15.

18. Professional Conduct

All attorneys of record certify that they have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. Other Matters to Facilitate the Just, Speedy, and Inexpensive Disposition of the Matter

Plaintiff and Defendant have agreed to the following stipulations to justify the just, speedy, and inexpensive disposition of the matter:

A. All documents obtained through discovery are presumptively authentic.

B. Plaintiff will provide the appropriate release or releases to allow Defendant to secure records supporting his claims including, but not limited to, the appropriate release or releases for subpoenas that Defendant will, or may, issue.

///

///

1       C. If necessary, Plaintiff will agree to appropriate medical examinations.

2       D. Plaintiff and Defendant consent to electronic service under Rule 5 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. Proc. 5(b)(2)(E)-(F).

DATED: September 9, 2025        PANISH | SHEA | RAVIPUDI LLP

By: */s/ Andrew Schrader*
Andrew L. Schrader
Attorneys for Plaintiff, TOMAS MARIO ALBERTO DE LEON-ARANDA

DATED: September 9, 2025        CRAIG H. MISSAKIAN
United States Attorney

By: */s/ Douglas Johns\**
Douglas Johns
Attorneys for Defendant, UNITED STATES OF AMERICA

*\*In compliance with Civil Local Rule 5-1(i)(3), the filer of this document attests under penalty of perjury that counsel for Defendant has concurred in the filing of this document.*

**[Proposed] Case Management Order**

The above further JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

The Court approves of Plaintiff and Defendant's plan to engage in a settlement conference conducted by a magistrate judge. The Court refers the parties to a magistrate judge to conduct a settlement conference.

Furthermore, the further Case Management Conference, currently scheduled for September 18, 2025 at 1:30 p.m., is hereby continued to November 20, 2025 at 1:30 p.m. The further Joint Case Management statement is due November 13, 2025.

[In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

DATED: September 10, 2025

_____
HONORABLE LISA J. CISNEROS
United States Magistrate Judge