PANISH | SHEA | RAVIPUDI LLP
THOMAS A. SCHULTZ, State Bar No. 149578
  *tschultz@panish.law*
ANDREW L. SCHRADER, State Bar No. 307964
  *aschrader@panish.law*
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone: 310.477.1700
Facsimile: 310.477.1699

Attorneys for Plaintiff, TOMAS MARIO ALBERTO DE LEON-ARANDA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| TOMAS MARIO ALBERTO DE LEON-ARANDA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | Case No. 3:25-cv-01529-LJC<br><br>**AMENDED STIPULATED JOINT REQUEST MODIFYING CASE MANAGEMENT SCHEDULE WITHOUT CHANGING THE TRIAL DATE; [PROPOSED] ORDER AS MODIFIED**<br><br>Magistrate Judge: Lisa J. Cisneros |

1    Plaintiff, Tomas Mario Alberto De Leon-Aranda ("Plaintiff"), and Defendant, the United
2 States of America ("Defendant"), submit the following response to the Court's order dated
3 November 17, 2025, and an amended stipulated joint request to modify the case management
4 schedule. *See* Dkt. Nos. 17, 28.

5    This case arises under the Federal Tort Claims Act after an automobile accident. Plaintiff and
6 Defendant have not identified any good faith arguments to raise on summary judgment. Because the
7 case arises out of an automobile accident, neither Plaintiff nor Defendant anticipate moving for
8 summary judgment or partial summary judgment. The parties understand the Court's concern about
9 the proposed schedule and have included potential dates for dispositive and *Daubert* motions.

10   The parties acknowledge that there is the possibility of filing *Daubert* motions given that the
11 case will require expert testimony. The parties still think the chance of that happening is moderate to
12 low because the Court is the factfinder.

13   With all of that said, and to correct the deficiencies noted by the Court, Plaintiff and
14 Defendant by and through themselves and their undersigned counsel, hereby stipulate as follows:

15   1. On June 6, 2025, the Court issued the operative case management and pretrial order.
16 *See* Dkt. No. 17.

17   2. At midnight, on September 30, 2025, the appropriations act that had been funding the
18 Department of Justice expired and appropriations to the Department lapsed. *See* Dkt. No. 24.

19   3. On October 8, 2025, the Court issued an order staying the case because of the lapse in
20 appropriations. *See* Dkt. No. 25.

21   4. The lapse in appropriations and shutdown of the Federal Government lasted from
22 October 1, 2025. to November 13, 2025, the longest shutdown in the history of the United States.

23   5. During that time, Defendant's counsel was prohibited from working not only on this
24 case but the majority of his other cases "except for emergencies involving the safety of human life or
25 the protection of property." 31 U.S.C. § 1342; *see also* Dkt. No. 24.

26 ///
27 ///
28 ///

1  6. On November 14, 2025, Defendant's counsel returned to work and, on November 17,
2 2025, conferred with Plaintiff's counsel about making reasonable, but necessary, modifications to
3 the case management and pretrial order for this case as well as the consequences of the shutdown of
4 the Federal Government on other cases.

5  7. Pursuant to those discussions, Civil L.R. 6-1(b), Civil L.R. 6-2(a), and subject to the
6 approval of the Court, the parties stipulate that the following deadlines are adopted such that the
7 following new deadlines apply:

| Remaining Case Management Events | Current Date (Dkt. No. 17) | Proposed Date |
|---|---|---|
| Fact Discovery Cutoff | December 31, 2025 | March 20, 2026 |
| Opening expert reports and disclosures | January 16, 2026 | April 10, 2026 |
| Rebuttal expert reports and disclosures | January 30, 2026 | May 1, 2026 |
| Expert discovery cut-off | April 30, 2026 | May 22, 2026 |
| Last day to file dispositive motions and *Daubert* motions | May 12, 2026 | June 12, 2026 |
| Last day to hear dispositive motions and *Daubert* motions | June 16, 2026 | July 21, 2026 |
| Pretrial Conference | September 25, 2026 | September 25, 2026 at 1:30PM |
| Bench trial | October 5, 2026 | October 5, 2026 |
| Length of Trial | 8 days | 8 days |

8. Plaintiff and Defendant understand that the Court's Standing Order for Civil Pretrial Conferences applies to this case.

9. Plaintiff and Defendant do not propose making any other changes to the case management and pretrial order and do not anticipate filing dispositive motions. Plaintiff and Defendant are not requesting a change to the date of the Pretrial Conference or trial date.

10. The parties previously stipulated to extend Defendant's time to respond to Plaintiff's complaint and continue the Initial Case Management Conference. *See* Dkt. Nos. 12, 13, 16. The parties have also agreed to informal discovery extensions to respond to written discovery. The parties have not previously modified or extended any other deadlines.

11. The case has been referred to the Honorable Kandis A. Westmore for settlement. The parties will confer with Judge Westmore about conducting the Settlement Conference.

12. The requested modification would extend the time to complete fact discovery by roughly 80 days with that new deadline case management deadlines tracking from that extension.

SO STIPULATED.

|                              |     | CRAIG H. MISSAKIAN<br>United States Attorney |
|---|---|---|
| Dated: November 19, 2025     | By: | */s/ Douglas Johns*<br>DOUGLAS JOHNS<br>Assistant United States Attorney<br>Attorney for Defendant |

| Dated: November 19, 2025 |     | PANISH \| SHEA\| RAVIPUDI LLP |
|---|---|---|
|                          | By: | */s/ Andrew Schrader*<br>ANDREW SCHRADER<br>Attorneys for Plaintiff |

**ATTESTATION**

In compliance with Civil L.R. 5-1(i)(3), I, Douglas Johns, attest that I have obtained concurrence in the filing of this document from each of the other signatories.

| Dated: November 19, 2025 | By: | */s/ Douglas Johns*<br>DOUGLAS JOHNS |
|---|---|---|

4   Case No. 3:25-cv-01529-LJC
AMENDED STIPULATED JOINT REQUEST MODIFYING CASE MANAGEMENT ORDER WITHOUT CHANGING THE TRIAL DATE

# DECLARATION OF DOUGLAS JOHNS

I, Douglas Johns, declare as follows:

1. I am an Assistant United States Attorney and represent Defendant, United States of America ("Defendant"), in the above-captioned matter. I am a member in good standing of the State Bar of California and the Bar of this Court. I am making this declaration under Rule 6-2 of the "Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California" in support of the parties' "Amended Stipulated Joint Request Modifying the Case Management Order Without Changing the Trial Date." The matters stated in this declaration are true of my own knowledge. If necessary, I could, and would, competently testify to them.

2. From October 1, 2025, through November 13, 2025, I was furloughed and prohibited from working on this case and most of the other cases assigned to me. I was permitted to only work on cases that were designated as "emergencies involving the safety of human life or the protection of property" under 31 U.S.C. § 1342.

3. On November 14, 2025, I returned to work and was authorized to work on all of my cases after President Trump signed legislation restoring funding to the Department of Justice and ending the shutdown of the Federal Government.

4. On November 17, 2025, I conferred with Plaintiff's counsel by email about making reasonable, but necessary, modifications to the schedule of this case because of the length of the shutdown, and the effect it had on all of the cases assigned to me.

5. The parties previously stipulated to extend the time for the United States to respond to the complaint and also continued the Initial Case Management Conference. The parties have also agreed to extend the time to respond to written discovery. I am not aware of the parties requesting any other changes to the operative case management and pretrial order.

///
///
///
///

6. The parties are not requesting to continue the trial date or Pretrial Conference. The requested scheduling change will extend the deadline to complete fact discovery by roughly 80 days with the new deadlines tracking the end of fact discovery.

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed this 19th day of November, 2025, in San Jose, California.

/s/ Douglas Johns
DOUGLAS JOHNS
Assistant United States Attorney

1 **[PROPOSED] ORDER**

2 Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED:

3 The Case Management Schedule (Dkt. No. 17) is hereby modified as follows:

| Case Management Event | Date |
|---|---|
| Fact Discovery Cutoff | March 20, 2026 |
| Opening expert reports and disclosures | April 10, 2026 |
| Rebuttal expert reports and disclosures | May 1, 2026 |
| Expert discovery cut-off | May 22, 2026 |
| Last day to file dispositive motions and *Daubert* motions | June 12, 2026 |
| Last day to hear dispositive motions and *Daubert* motions | July 21, 2026 |
| Pretrial Conference | **October 23** ~~September 25~~, 2026 at 1:30PM |
| Bench trial | **November 2** ~~October 5~~, 2026 |
| Length of Trial | 8 days |

**ORDER CONTINUES ON NEXT PAGE**

1  There are no other modifications to the Case Management Schedule (Dkt. No. 17) issued
2  on June 6, 2025.

3  [In addition, the Court makes the further orders stated below:]

4  Based on the parties' representation that they do not anticipate filing motions for summary
5  judgment and that there is a "moderate to low" chance that they file *Daubert* motions, the Court
   may advance the trial date.  In their case management statement, the parties shall address
6  whether advancing the pretrial conference and trial date to May 29, 2026, and June 8, 2026,
7  respectively, would be appropriate and be prepared to discuss possibly advancing the trial date at
   the January 15, 2026, case management conference.

8  IT IS SO ORDERED.

11 DATED: November 20, 2025

   _____
   HONORABLE LISA J. CISNEROS
   United States Magistrate Judge